BENJAMIN J. HARRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 29324-91
United States Tax Court
T.C. Memo 1994-268; 1994 Tax Ct. Memo LEXIS 271; 67 T.C.M. (CCH) 3083; June 13, 1994, Filed *271 For petitioner: Audrey J. Orlando. For respondent: Emily J. Kingston. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1) Sec. 6653(b)(2) Sec. 6661 1982
$ 8,459
$ 4,230
[1]
--
1983
5,618
6,811
[1]
$ 562
1984
10,058
7,954
[1]
1,006
After concessions, the only issues remaining to be decided are: (1) Whether petitioner is liable for an addition to tax under section 6651 [1] for failure to timely file his 1982 and 1983 tax returns; (2) whether petitioner is liable for an addition to tax under section 6653(a)(1) and (2) for negligence for tax year 1984; and (3) whether the doctrine of equitable estoppel, exercised through section 6404(e), should apply to prohibit respondent from assessing and collecting interest accruing during the period November 6, 1986, to July 1, 1989, for tax years 1982 and 1983 while petitioner's records were in respondent's possession pending criminal charges against petitioner. *272 The parties, prior to trial and on brief, made mutual concessions on a number of issues. A summary of those concessions follows. For 1982: Petitioner filed his 1982 income tax return on August 20, 1991; the parties agree that there is no deficiency due and owing over and above the amount of tax shown on the petitioner's return for 1982; petitioner owes $ 1,561 in tax, exclusive of penalties and interest for tax year 1982; additions to tax pursuant to section 6653(b)(1)(A) and (B) for fraud are not applicable; additions to tax pursuant to section 6653(a)(1) and (2) for negligence are not applicable. For 1983: No deficiency exists for 1983; therefore there are no additions to tax for fraud pursuant to section 6653(b)(1)(A) and (B), nor for substantial understatement of tax under section 6661. In fact, petitioner is entitled to a refund of overpayment of 1983 taxes (that overpayment will be determined in the Rule 155 calculation, ordered herein). For 1984: A deficiency of $ 748 exists; no additions to tax for fraud nor substantial understatement apply. FINDINGS OF FACT The majority of the facts in this case have been stipulated. The stipulation of facts, together with the attached *273 exhibits, are incorporated herein by this reference. At the time his petition was filed, petitioner resided in Milpitas, California. During the years at issue, petitioner suffered substantial rental losses, due in part to the fact that petitioner's partner in the venture backed out and left petitioner solely responsible for the property. The rental income was not enough to cover all of the expenses related to the property and the bank eventually foreclosed on the property. To add to petitioner's burdens during the years in issue, petitioner's sister was diagnosed with cancer and petitioner assumed some of the financial responsibilities of his sister's family. Additionally, in 1984, petitioner's older brother was murdered. Petitioner paid a portion of his brother's funeral expenses, including the costs of accompanying the body to Michigan for burial. Sometime in early 1986, petitioner employed Triple Check Income Tax Service (hereinafter Triple Check) to prepare his Federal tax returns for 1982, 1983, and 1984. The returns for each of the years in issue show a date of March or May 1986 next to the preparer's signature. [2] The returns were actually filed with respondent on the *274 following dates: (1) 1982 tax return -- August 20, 1991; (2) 1983 tax return -- July 24, 1989; and (3) 1984 tax return -- November 3, 1988. On November 17, 1986, petitioner's records were subpoenaed from Triple Check. On April 15, 1988, petitioner was criminally indicted for failing to file his income tax returns for years 1982, 1983, and 1984. Petitioner pled guilty to 1 count of failing to file his return for tax year 1982, and subsequently attempted to withdraw his plea by motion on January 16, 1990. However, the motion was denied. As a result of his guilty plea, petitioner was placed on 3 years of probation and ordered to file all tax returns due in a timely manner. During July 1989, the subpoenaed *275 records were returned by the IRS to Triple Check, whereupon petitioner filed his 1983 tax return on July 24, 1989. Petitioner had already filed his 1984 tax return on November 3, 1988. He delivered the returns to Mary Jackson, a collection officer of the Internal Revenue Service. Petitioner was informed by the IRS that there was a payment from his bankruptcy trustee regarding his 1982 taxes and therefore a return for 1982 had been prepared internally by the IRS. Upon request, petitioner received a copy of that return sometime in early August 1991. Subsequently, on August 20, 1991, petitioner personally delivered the 1982 return he had had prepared by Triple Check to the San Jose office of the IRS. From March 29, 1990, through August 30, 1991, respondent collected $ 22,767.51 from petitioner through levies and installments in payment of his 1983 taxes, interest, and penalties. Respondent did not give petitioner credit for $ 1,636 that was withheld from petitioner's wages in 1983 to pay the 1983 Federal income tax liability. Consequently, respondent overcollected for the 1983 liability. Respondent initially asserted that petitioner should be given no credit for the previously *276 withheld amounts. She has subsequently agreed that an overpayment is due and proper for 1983. On September 26, 1991, respondent issued a statutory notice of deficiency to petitioner. In the notice, respondent determined deficiencies and additions to tax for tax years 1982, 1983, and 1984. OPINION Addition to Tax -- Failure to Timely File
Respondent claims petitioner is liable for an addition to tax under section 6651 due to petitioner's late filing of his 1982 and 1984 Federal income tax returns. Petitioner asserts that there is no addition due under section 6651 due to reasonable cause. We hold there is no tax due under section 6651 because respondent did not timely raise this issue. Respondent first raised this issue in her trial memorandum. She did not seek permission to amend her answer, and no permission was given. The Court may refuse to consider a new issue raised for the first time by a party in its trial memorandum or on brief where our consideration of such argument would surprise or prejudice the opposing party. See ; . *277 Although respondent did raise section 6651 in her trial memorandum, she did not raise the issue at trial and only again raised the issue in her brief. Rule 52 allows this Court to order stricken from a brief any insufficient claim. We hold that respondent's failure to raise timely, in accordance with this Court's Rules, the claim that petitioner is subject to addition to tax under section 6651 for 1982 and 1984 prevents this issue from being raised after trial in respondent's brief. Thus, we hereby strike from respondent's brief any reference to additions to tax due to section 6651. Addition to Tax -- Negligence
In her notice of deficiency, respondent determined that petitioner is liable for fraud. In her answer, respondent asserted, in the alternative, that petitioner is liable for negligence; thus negligence is a "new issue". For this reason, respondent has the burden of proof on this issue. Rule 142(a). Negligence under section 6653(a) is a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." (quoting , *278 affg. in part and remanding in part . Taxpayers have a statutory duty to timely file Federal income tax returns. Sec. 6072(a). Ordinarily, a reasonable and prudent person would comply with the prescribed deadline, and the breach of this duty is evidence of negligence. , affd. . This duty cannot be avoided by placing responsibility on a tax return preparer. ; . Petitioner filed his 1984 Federal income tax return late. His sister was suffering from cancer during this period, and his brother was murdered. These tragedies caused petitioner unusually severe emotional and financial distress. Respondent has the burden to show that a reasonable and ordinary prudent person, under petitioner's circumstances would have filed his income tax returns timely. Under the circumstances, we hold for petitioner on this issue. Section 6404(e)
Petitioner *279 cites section 6404(e)(1), contending that respondent is equitably estopped from charging interest from November 17, 1986, to July 12, 1989 -- the period during which petitioner's records were in respondent's possession pending criminal charges against petitioner. Pursuant to 6404(e)(1) respondent may abate the assessment of interest on a deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act. Petitioner asserts that the holding of his records was such an error or delay, and requests us to abate some or all of the resulting interest. We do not have authority under section 7481(c) to determine whether there has been an overpayment of interest resulting from the Secretary's post-decision assessment (which has not yet occurred nor been paid). See . Neither do we have authority under section 7481(c) to abate interest pursuant to section 6404(e)(1). 508 ; ; see *280 also (neither the statute itself, nor the legislative history, nor the regulations issued by the IRS provide any meaningful standard against which to judge the agency's exercise of discretion); accord, . Therefore, this Court is without jurisdiction to determine petitioner's liability for interest under section 6404(e). As to the applicability of equitable relief, we may not exercise general equitable principles to expand our statutorily prescribed jurisdiction. ; see also . [3]
*281 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. 50 percent of interest due on portion of deficiency attributable to fraud.↩
1. All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩
2. The dates next to petitioner's and the preparer's signatures for each of the years in issue are shown on the tax returns as follows: ↩
Tax Year
Petitioner's Date Preparer's Date Actual Date Filed 1982
09/15/86
03/14/86
08/20/91
1983
None shown
03/29/86
07/24/89
1984
11/03/88
05/04/86
11/03/88
3. We would have jurisdiction, however, to grant a refund of any tax or interest overpaid for 1983 as a result of the Service's failure to give petitioner credit for withholding. See .↩